UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No.: 2:18-cr-00401-APG-EJY |
|---|---|
| Plaintiff | **Order Denying Motion for Reduction of Sentence and Home Confinement** |
| v. | |
| ALEXANDER OLIVER, | [ECF No. 42] |
| Defendant | |

Defendant Alexander Oliver has filed a motion requesting that I order the Bureau of Prisons to reduce his sentence and allow him to complete his custodial term on home confinement. Although not explicit in the motion, I presume Mr. Oliver is moving for compassionate release under 18 U.SC. § 3582(c)(1)(A).

The compassionate release statute authorizes judges to reduce a defendant's term of imprisonment, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Oliver has not shown that he applied for compassionate release with the warden of FCI Herlong, where he is serving his time. Because Mr. Oliver has not exhausted this administrative remedy, I do not have authority to entertain his motion.

Even if Mr. Oliver has exhausted his remedies, I would not grant the motion. The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows me to reduce a sentence based on "extraordinary and compelling reasons." I must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent

with applicable policy statements issued by the Sentencing Commission," including the requirement that the defendant "is not a danger to the safety of any other person or to the community." *Id.* (referring to U.S.S.G. § 1B1.13(2)).

No doubt, the COVID-19 virus presents a risk to all incarcerated people. It also presents a risk to citizens who are not incarcerated. Mr. Oliver's motion presents no evidence that he is more susceptible than others to the COVID-19 virus. He presents no "extraordinary and compelling reasons" to grant him compassionate release. Thus, even on the merits, I cannot grant the motion.

I THEREFORE DENY Mr. Oliver's motion (ECF No. 42) without prejudice. If he exhausts his administrative remedy and has not received the relief he requests, he may file a new motion. But that motion must comply with 18 U.S.C. § 3582(c)(1)(A) and demonstrate extraordinary and compelling reasons why it should be granted.

DATED this 27th day of July, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE